IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES LAMONT JOHNSON,** )<br>)<br>**Petitioner,** )<br>)<br>v. )<br>)<br>**FCI MCKEAN WARDEN,** )<br>)<br>**Respondent.** )<br>)<br>) | Case No. 1:19-cv-00156-SPB-RAL |

**MEMORANDUM ORDER**

Petitioner James Lamont Johnson, who is currently serving a federal sentence for the unlawful possession of an unregistered firearm silencer, commenced the instant civil action on May 29, 2019, seeking habeas corpus relief under 28 U.S.C. §2241. ECF No. 1. At the time this action was commenced, Johnson was an inmate at the Federal Correctional Institution at McKean. In his §2241 petition, which is directed against the Warden of FCI-McKean, Johnson requests an immediate release from confinement based upon his claims that: (1) the statute under which he was convicted (*i.e.* 26 U.S.C. § 586l(d)) is unconstitutional; (2) his conviction infringes upon the sovereignty of the Commonwealth of Pennsylvania; and (3) his conviction involved a "fraud on the court" because the prosecution proceeded under an "invalid case number." The matter was referred to United States Magistrate Judge Richard A. Lanzillo for a report and recommendation ("R&R") in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

On June 29, 2021, Magistrate Judge Lanzillo issued an R&R recommending that the instant petition be dismissed for lack of jurisdiction. ECF No. 23. Judge Lanzillo opined that Johnson had neither articulated an appropriate basis for relief under 28 U.S.C. § 2241 nor

1

demonstrated that relief under § 2255 would otherwise be ineffective or inadequate, as discussed in *In re Dorsainvil,* 119 F.3d 245 (3d Cir. 1997), and *Bruce v. Warden Lewisburg USP,* 868 F.3d 170, 178 (3d Cir. 2017). *Id*. Objections to the R&R were due on or before July 16, 2021.

On July 15, 2021, Johnson filed his "Motion Response to Report and Recommendation."[1] ECF No. 24. Therein, Johnson indicated that he was "medically transferred from FCI McKean on July 1, 2021 because of [his] bad health conditions." *Id*. He indicates that he intends to litigate his claims in his new jurisdiction and, to that end, is seeking the assistance of a civil rights attorney. *Id*. Consequently, he "will not be responding or filing back to this court." *Id*.

As Magistrate Judge Lanzillo correctly observed, §2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." ECF No. 23 at 4 (citing authority). Accordingly, "a habeas corpus action pursuant to §2241 must be brought in the custodial court – i.e., the federal district court in the district in which the prisoner is incarcerated." Id. at 3 (quoting *Bruce*, 868 F.3d at 178). Because Johnson is no longer confined at FCI-McKean, his petition directed against the Warden of FCI-McKean is now moot. Even if Johnson had stated a proper basis for relief under §2241, the Court cannot at this point direct any action on the part of the Warden of FCI-McKean that would provide Johnson the relief he is seeking. Accordingly, after *de novo* review of the petition and documents in the case, together with the Report and Recommendation and Petitioner's response thereto, the following order is entered:

NOW, this 22nd day of July, 2021, IT IS ORDERED that the within petition for a writ of habeas corpus shall be, and hereby is, DISMISSED for lack of jurisdiction.

---

[1] Based upon the "mailbox rule" applicable to prisoners, Petitioner's submission is deemed filed as of July 15, 2021, the day on which it was apparently placed in the prison mail system for forwarding to this Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Though styled as a "Motion Response," the filing was appropriately docketed as a response to the pending R&R and is construed as such.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, issued on June 29, 2021, ECF No. [23], is hereby adopted as the opinion of this Court.

As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cm: James Lamont Johnson[2]
    20078-068
    McKean Federal Correctional Institution
    Inmate Mail/Parcels
    P.O. BOX 8000
    Bradford, PA 16701
    (via U.S. Mail)

    James Lamont Johnson
    Reg. No. 20078-068
    Federal Correctional Institution
    P.O. Box. 1000
    Cumberland, MD  21501-1000

    Adam Fischer, Esq. (via CM/ECF)

    The Honorable Richard A. Lanzillo (via CM/ECF)

---

[2] The Clerk is requested to mail copies of this Memorandum Order both to Johnson's current address of record and to the return address on his most recent court filing.